# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 18-7091** **September Term, 2019**

FILED ON: MARCH 13, 2020

DAWN R. BROWN,
APPELLANT

v.

DISTRICT OF COLUMBIA AND CATHY L. LANIER,
APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:14-cv-00077)

---

Before: HENDERSON, WILKINS and RAO, *Circuit Judges*.

## **J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be **AFFIRMED.**

This case involves a Title VII gender-discrimination claim brought against Metropolitan Police Department ("MPD") chief Cathy Lanier and the District of Columbia (collectively, "the District"). Appellant Dawn Brown was at all relevant times a sergeant employed by MPD and working at the Central Cellblock ("CCB"), where MPD prisoners are housed. Her claim of gender discrimination stems from disciplinary action taken against her following a prisoner escape that occurred during her supervisory shift on August 3, 2011. The prisoner escaped by passing through a number of unlocked doors, including the door to his cell. Brown and another supervisor on duty that evening, Jermaine Fox, received identical disciplinary recommendations – ten-day suspensions – for their roles in the events leading to the escape. Fox received a reprieve through the appeals process applicable to civilian employees, while Brown availed herself of the law-enforcement appeals process, ultimately receiving a five-day suspension that was held in abeyance.

In 2013, Brown brought suit against the District in District of Columbia Superior Court, asserting four federal claims. Following the District's removal of the action to federal court, and the District Court's subsequent dismissal of three of Brown's claims, the District Court held a jury trial in May 2018 as to the

remaining claim of gender discrimination in violation of Title VII. The May 18, 2018, verdict was for the District. The jury did not find by a preponderance of the evidence, under either a single-motive or mixed-motive theory, that the District had intentionally discriminated against Brown on the basis of gender when it disciplined her. Brown argued to this Court that the District Court erred in four ways – one with respect to admitted evidence, three regarding jury instructions – and that each putative error affected her substantial rights. The Court concludes that none of the points Brown argues warrants reversal of the District Court's entry of judgment in the District's favor.

We review the District Court's evidentiary rulings for abuse of discretion. *Harvey v. District of Columbia*, 798 F.3d 1042, 1057 (D.C. Cir. 2015). "An alleged failure to submit a proper jury instruction is a question of law subject to *de novo* review; the choice of the language to be used in a particular instruction, however, is reviewed only for abuse of discretion." *Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549, 556 (D.C. Cir. 1993). "Jury instructions are proper if, 'when viewed as a whole, they fairly present the applicable legal principles and standards.'" *Czekalski v. LaHood*, 589 F.3d 449, 453-54 (D.C. Cir. 2009) (quoting *Joy*, 999 F.2d at 556) (some internal quotation marks omitted). But "[i]f a party fails to properly object to jury instructions, appellate review is only for 'plain error.'" *Long v. Howard Univ.*, 550 F.3d 21, 25 (D.C. Cir. 2008) (quoting FED. R. CIV. P. 51(d)(2)). This Court "will reverse an erroneous evidentiary ruling or jury instruction only if the error affects a party's substantial rights." *Huthnance v. District of Columbia*, 722 F.3d 371, 377 (D.C. Cir. 2013) (citing FED. R. CIV. P. 61).

Title VII of the Civil Rights Act of 1964 prohibits a covered employer from discriminating against an employee because of (as relevant here) her sex. 42 U.S.C. § 2000e-2(a)(1). A plaintiff may establish employer liability under § 2000e-2(a)(1) by showing that her sex was the "but-for" cause of an adverse employment action. *Ponce v. Billington*, 679 F.3d 840, 844 (D.C. Cir. 2012) (referring to this as the "single-motive" theory of discrimination (quoting *Fogg v. Gonzales*, 492 F.3d 447, 451 (D.C. Cir. 2007))). A Title VII plaintiff may also prevail under a "mixed-motive" theory, by demonstrating that sex was a "motivating factor" in, here, the imposition of discipline. *See* 42 U.S.C. § 2000e-2(m). In the absence of direct evidence of discrimination, and where an employer has articulated a legitimate, non-discriminatory reason for the adverse employment action, "a plaintiff must simply prove 'that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of . . . sex.'" *Ponce*, 679 F.3d at 844 (quoting *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008)).

Brown first contends that the District Court erred in admitting evidence that a male cellblock technician, who was responsible for regularly checking the cell doors on the night of the escape, was also disciplined. Brown asserts that this evidence was irrelevant to the issue of whether the District subjected her to gender-motivated disparate treatment because the male technician, whose duties were not supervisory, was not similarly situated to her. Assuming *arguendo* that the District Court erred in admitting this evidence, the Court finds that any such error was harmless. "[A]n evidentiary error is harmless if (1) the case is not close, (2) the issue not central, or (3) effective steps were taken to mitigate the effects of the error." *Caudle v. District of Columbia*, 707 F.3d 354, 361 (D.C. Cir. 2013) (quoting *Ashcraft & Gerel v. Coady*, 244 F.3d 948, 953 (D.C. Cir. 2001)); *accord Huthnance*, 722 F.3d at 381. Reversal is unwarranted for any error here, as this case is not close.

The District's asserted reason for disciplining Brown was her failure on August 3, 2011, to ensure that those she was supposed to be supervising, including the technicians, were performing their duties, and thus to ensure the physical security of CCB. At trial, Brown attempted to establish pretext by way of indirect evidence, relying primarily on a comparison between herself and six male co-workers with managerial or supervisory authority who were not disciplined. *See Walker v. Johnson*, 798 F.3d 1085, 1092

(D.C. Cir. 2015) (noting that "[a] plaintiff may support an inference that the employer's stated reasons were pretextual, and the real reasons were prohibited discrimination or retaliation, by[, *inter alia*,] citing the employer's better treatment of similarly situated employees outside the plaintiff's protected group"). But four of those to whom Brown pointed had different roles and responsibilities than did Brown, and another who had similar responsibilities was not on duty on the night of the escape. *See Wheeler v. Georgetown Univ. Hosp.*, 812 F.3d 1109, 1115-16 (D.C. Cir. 2016) ("For a plaintiff to prove that she is similarly situated to another employee, she must demonstrate that she and the alleged similarly-situated employee 'were charged with offenses of comparable seriousness,' and 'that all of the relevant aspects of [her] employment situation were nearly identical to those of the other employee.'" (quoting *Burley v. Nat'l Passenger Rail Corp.*, 801 F.3d 290, 301 (D.C. Cir. 2015) (alteration in *Wheeler*))). The sixth, Jermaine Fox, received a disciplinary recommendation identical to Brown's for the same dereliction of duty, but he ultimately received a reprieve from a different decisionmaker and through a different process than those applicable to Brown – differences Brown did not contend had anything to do with gender. On the whole, Brown's effort at trial to demonstrate pretext by way of comparator evidence was plainly inadequate.

Brown also sought to establish pretext by asserting that the District's explanation for her discipline had shifted over time, but all the evidence indicates that any "shifting" that occurred was due to genuine factual uncertainty as to whether Brown or Fox was "Watch Commander" at the relevant times. Moreover, this uncertainty was ultimately unimportant, as evidenced by Fox's and Brown's identical disciplinary recommendations, and the testimony of several witnesses – including Brown herself – that whether or not Brown was "Watch Commander," she had a duty to supervise CCB on August 3, 2011. Brown put forth no evidence at trial that the core explanation for her discipline – her neglect of her supervisory duties – ever changed.

On the whole, while the jury's consideration of the male technician's discipline may have had some incremental effect on its weighing of the evidence, we can say with assurance that any such effect was neither substantial nor outcome determinative. Even absent any mention of the male technician's discipline, which Brown deems a "confounding" factor, Opening Br. at 32, Brown presented insufficient evidence at trial to establish pretext by a preponderance of the evidence, *see Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1514-15 (D.C. Cir. 1995).

Brown also seeks to assign as error two aspects of the District Court's instructions to the jury on pretext: their putatively insufficient guidance on the concept of similarly situated employees, and the absence of an instruction that the jury could consider, as independent evidence of pretext, the allegedly flawed nature of the District's investigation into the escape. We harbor some doubt as to whether Brown preserved her objections on these points, but even if she did – that is, even if our review is not merely for plain error – we cannot find the District Court to have erred, as its instructions were neither legally incorrect nor an abuse of discretion. Reviewed *de novo*, the jury instructions as a whole accurately captured the law on pretext, including a correct, evenhanded instruction on similarly situated employees. And the District Court properly declined Brown's request for an instruction that would have amounted to factual commentary on the District's investigation into the escape. *See, e.g.*, *United States v. Williams*, 836 F.3d 1, 26-27 (D.C. Cir. 2016) (Henderson, J., concurring in part and dissenting in part) (observing that the district court acted "prudently" in declining to "highlight" particular evidence, because "[i]f the court had singled out that evidence, evenhandedness would have required recitation of evidence favorable to" the opposing party (citations omitted)). "[T]he instructions fairly and adequately conveyed the law to the jury," and their wording was thus not an abuse of discretion. *Ponce*, 679 F.3d at 846.

Finally, Brown asserts that the District Court committed a legal error in instructing the jury on the same-action defense when the District had not admitted to having taken gender into account in making its

disciplinary decision. No caselaw supports this position. Indeed, the D.C. Circuit case to which Brown cites, as well as the text of Title VII itself, speak to the commonsense notion that the use of this affirmative defense does not remove the plaintiff's burden to establish the existence of discrimination – and, by extension, that its availability does not depend upon an admission of liability. *See, e.g.*, *Fogg*, 492 F.3d at 451 ("42 U.S.C. § 2000e–5(g)(2)(B) provides the employer with a limited affirmative defense . . . . if *the plaintiff makes out a violation* under § 2000e-2(m), but the defendant demonstrates that it would have taken the same action in the absence of the impermissible motivating factor[.]" (emphasis added) (citations, brackets, and internal quotation marks omitted)); 42 U.S.C. § 2000e-2(m) ("[A]n unlawful employment practice is established when *the complaining party demonstrates* that . . . sex . . . was a motivating factor for any employment practice[.]" (emphasis added)); *id.* § 2000e-5(g)(2)(B) ("On a claim in which *an individual proves* a violation under section 2000e-2(m) of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor . . . ." (emphasis added)). We have no trouble in concluding that the District Court committed no error in giving the same-action-defense instruction.

In sum, finding the District Court to have committed no error that affected Brown's substantial rights, we affirm its entry of judgment on the jury's verdict in favor of the District.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk